# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Andrew Williams,                       :
                                       :
      Plaintiff,            :
                                       :
  v.                               :   CIVIL ACTION NO.
                                       :   1:09-cv-02935-JOF
John Does 1-5,                         :
                                       :
      Defendants.           :
                                       :

## OPINION & ORDER

This matter is before the court on Plaintiff's *ex parte* motion to conduct limited third-party discovery in advance of the Rule 26(f) conference [2].

On October 22, 2009, Plaintiff, Andrew Williams, filed a verified complaint against John Does 1 through 5, asserting causes of action of libel per se and violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.* Plaintiff seeks a preliminary and permanent injunction requiring Defendants to retract and/or amend their defamatory comments or postings; special and general damages; punitive damages; and attorney's fees.

Plaintiff also filed the instant *ex parte* motion to conduct limited third-party discovery in advance of the Rule 26(f) conference. Plaintiff contends that John Does 1 through 5 are individuals who have published defamatory statements about Plaintiff on the website

"DontDateHimGirl.com" ("DDHG") and/or have published defamatory statements to Plaintiff and others via e-mail messages. *See* Cmpt., ¶ 2. The first relevant posting on the website includes statements that Plaintiff is an adulterer, liar, and "sociopath." *Id.*, ¶ 6. The second posting asserts that Plaintiff has committed criminal acts. *Id.*, ¶ 8. Another defendant then copied the defamatory information from the website by pasting and copying a link into an e-mail to other persons. *Id.*, ¶ 10. Plaintiff asserts that the e-mails were sent using Gmail free Internet e-mail service provided by Google, Inc.

In his motion, Plaintiff seeks leave pursuant to Rules 26 and 45 to conduct limited third-party document discovery. The DDHG website is owned and operated by The Cavelle Company, Inc. DDHG requires users to register a unique user name prior to making or posting any comments to an existing post. Thus, even though postings are anonymous, DDHG does collect information about the user identity associated with each post or comment, including the Internet Protocol Address ("IP Address"). Google also maintains identity and IP addresses associated with users of its free Gmail e-mail service. Plaintiff would like to issue two subpoenas *duces tecum* pursuant to Rule 45 to third-party witnesses to obtain the relevant documents that would show or tend to show the identity of the persons responsible for publishing the defamatory comments. Plaintiff has attached to his motion the subpoenas that he would issue to Google and Cavelle.

The court GRANTS Plaintiff's *ex parte* motion to conduct limited third-party discovery in advance of the Rule 26(f) conference [2]. Plaintiff may immediately serve the third-party subpoenas appearing at Exhibits E & F to the instant motion and shall require that the witnesses respond within twenty (20) days of the date of service.

Should Plaintiff be successful in identifying any of the John Does 1 through 5, he must next consider whether they are properly joined in a single action. In similar cases in the past, the court has required plaintiffs to bring individual actions where joinder is inappropriate, and it may well do so in this case.

**IT IS SO ORDERED** this 8th day of December 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)