**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Andrew Williams,  :
  :
    Plaintiff,  :
  :
v.  :   CIVIL ACTION NO.
  :   1:09-cv-02935-JOF
John Does 1-5,  :
  :
    Defendants.  :
  :

## OPINION & ORDER

This matter is before the court on Plaintiff's *ex parte* motion to conduct limited third-party discovery [6].

On October 22, 2009, Plaintiff, Andrew Williams, filed a verified complaint against John Does 1 through 5, asserting causes of action of libel per se and violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.* Plaintiff seeks a preliminary and permanent injunction requiring Defendants to retract and/or amend their defamatory comments or postings; special and general damages; punitive damages; and attorney's fees.

Plaintiff contends that John Does 1 through 5 are individuals who have published defamatory statements about Plaintiff on the website "DontDateHimGirl.com" ("DDHG") and/or have published defamatory statements to Plaintiff and others via e-mail messages.

*See* Cmpt., ¶ 2. With his complaint, Plaintiff also filed an *ex parte* motion to conduct limited third-party discovery in advance of the Rule 26(f) conference. Plaintiff proffered to the court that he would issue subpoenas to Google and The Cavelle Company, which owns the website site DDHG, in an attempt to determine the user identity, including Internet Protocol Address ("IP Address") associated with each post or comment identified in his complaint. The court granted this motion in an order dated December 8, 2009, and Plaintiff issued the subpoenas.

In response to the subpoenas, Google identified the IP Address as "12.198.247.192" and the Internet service provider as "Plantation Cablevision, Inc." of Eatonton, Georgia. The Cavelle Company also identified an IP Address of "66.12.116.143" assigned to Genuity DSL, a company associated with Verizon, Inc. and located in Cambridge, Massachusetts.

In the instant motion, Plaintiff seeks leave to serve two additional subpoenas (attached to the motion) on each of these Internet Service Providers requesting that they identify the subscriber or customer to whom those IP addressed were assigned at the relevant date and time of the associated actions.

The court GRANTS Plaintiff's *ex parte* motion to conduct limited third-party discovery in advance of the Rule 26(f) conference [6]. Plaintiff may immediately serve the third-party subpoenas appearing at Exhibits A & B to the instant motion and shall require the witnesses to respond within twenty (20) days of the date of service.

2

The court again notes that should Plaintiff be successful in identifying any of the John Does 1 through 5, he must next consider whether they are properly joined in a single action. In similar cases in the past, the court has required plaintiffs to bring individual actions where joinder is inappropriate, and it may well do so in this case.

**IT IS SO ORDERED** this 30th day of March 2010.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)